UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                              Case No. 8:09-bk-03914-MGW
                                                                    Chapter 7
Deral Pitts and Tonya Pitts,

      Debtors.
_____/

**MEMORANDUM OPINION ON CREDITOR'S MOTION
TO REOPEN CASE TO ENFORCE REAFFIRMATION AGREEMENT**

      In order for a reaffirmation agreement to be binding upon an individual debtor who is not represented by an attorney while negotiating the agreement, the court must hold a hearing at which the debtor appears in person and at which the court informs the debtor of the voluntary nature of the agreement and the legal consequences of entering into it. Even though most courts have long since dispensed with discharge hearings, and hearings are not required to approve reaffirmation agreements for consumer debt secured by real property, this Court finds that hearings apprising pro se debtors of their rights with respect to a reaffirmation agreement must still be held if the reaffirmation agreement is to be enforceable. Because no hearing was held in this case, the Court finds that the Reaffirmation Agreement at issue is not enforceable, and the Court will therefore deny the Creditor's Motion to Enforce Reaffirmation Agreement.

**Factual and Procedural Background**

      This case was filed under Chapter 13 on March 2, 2009 and later converted to a Chapter 7 case. Upon conversion, the Debtors decided to surrender their homestead, but sought to reaffirm a debt secured by rental property that had been in the Debtor's family for over eighty years. The Debtors entered into a Reaffirmation Agreement with the Creditor regarding this property. This

agreement, which was filed on July 27, 2009, mostly mirrors the requirements set forth in 11 U.S.C. § 524, but is missing Part E (the motion for court approval).[1]

The Debtors received their Chapter 7 discharge on November 19, 2009. There was no discharge hearing held in the case, as it is the practice of the court in the Middle District of Florida not to hold discharge hearings. Nor was there any hearing held to advise the Debtors of their rights with respect to the Reaffirmation Agreement. The case, having been fully administered, was thereafter closed.

After the case was closed, the Creditor foreclosed on the rental property based on the Debtor's failure to make payments under the Reaffirmation Agreement. The Creditor now seeks to enforce the Reaffirmation Agreement so that it may obtain a deficiency judgment. In response, the Debtors have asserted that their liability for any deficiency was discharged in their bankruptcy case notwithstanding the Reaffirmation Agreement. In this respect, they contend that the Reaffirmation Agreement is not binding because it was not entered into in strict compliance with the requirements of Bankruptcy Code § 524. The Creditor now moves the Court for an order confirming that the Reaffirmation Agreement is binding upon the Debtors.

## Conclusions of Law

The Court has jurisdiction over this contested matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (I), and (O).

The reaffirmation provisions are set forth in Bankruptcy Code § 524. While this section is, at its heart, a predominantly consumer provision, it is among the most complicated provisions of the Bankruptcy Code. Accordingly, in determining whether the Reaffirmation Agreement at

---

[1] *Reaffirmation Agreement* (Doc. No. 31).

issue complies with those provisions, the Court will walk through §§ 524(c) and (d) prior to reviewing the relevant case law.

### Section 524(c)

Under § 524(c), certain requirements must be satisfied in order for a reaffirmation agreement to be valid and binding on the debtor. To begin with, § 524(c)(1) requires that a reaffirmation agreement must be made before the discharge is granted.[2] In this case, the Reaffirmation Agreement was made over three months before the discharge was granted, so this requirement is met.

Next, § 524(c)(2) provides "the debtor must receive the disclosures described in subsection (k) at or before the time at which the debtor signed the agreement."[3] Subsection (k) requires a disclosure statement as described in § 524(k)(3), together with the reaffirmation agreement, and the statement, declaration, motion, and order described, respectively, in sub-paragraphs (4) through (8) of § 524(k).

Relevant to this case, § 524(k)(3) requires a disclosure statement containing the following information. First, "[i]f you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held."[4] This disclosure is included in the Reaffirmation Agreement filed in this case, although the hearing was not held. Second, "[i]f you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E."[5] Part E includes a

---

[2] 11 U.S.C. § 524(c)(1).

[3] 11 U.S.C. § 524(c)(2).

[4] 11 U.S.C. § 524(k)(3)(I).

[5] 11 U.S.C. § 524(k)(3)(J)(i)(4).

motion for approval and a form of order approving the motion.[6] While this disclosure was included in the Reaffirmation Agreement, and while the front page of the agreement states it is included, Part E was not filed. For purposes of this Opinion, the Court concludes that any issue about the Debtor's technical failure to include the Part E motion for approval is subsumed in the issues dealt with in this Opinion.

Finally, the disclosure statement required by § 524(k)(3), must contain the following additional statement:

> [i]f you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.[7]

This disclosure is also included in the Reaffirmation Agreement. For purposes of this Opinion, the Court assumes that this debt is a consumer debt secured by real property.[8] As such, no Court approval is necessary, and thus, no hearing for approval of the agreement was held in this case.

Returning to the requirements under § 524(c), subsection (3) requires that the agreement must be filed with the court, and if the debtor is represented by an attorney, that the agreement is accompanied by a declaration or affidavit of the attorney that basically states that the attorney has informed the debtor of the debtor's rights (and any legal consequences) and that the

---

[6] 11 U.S.C. § 524(k)(7)-(8).

[7] 11 U.S.C. § 524(k)(3)(J)(i)(7).

[8] Belatedly, the Debtor did assert that this debt is not a consumer debt. The Court need not consider this contention, however, in light of this ruling.

4

agreement will not impose an undue hardship on the debtor.[9] Because the Debtors are not represented by an attorney in this case, that part is inapplicable. The filing requirement set out by the first part is met, as the Reaffirmation Agreement in this case was filed on July 27, 2009.

Subsection (4) of § 524(c) requires that the agreement not be rescinded by the debtor within the later of sixty days after filing such agreement or the date of discharge.[10] The Reaffirmation Agreement in this case was never rescinded, so this requirement is met in this case as well. Subsection (5) of 524(c) requires that the provisions of § 524(d) have been complied with.[11] The Court will address these requirements below. Finally, subsection (6)(A) of § 524(c) requires that in cases "concerning an individual who was not represented by an attorney during the course of negotiating an agreement under this subsection, the court approves such agreement as (i) not imposing an undue hardship on the debtor or a dependent of the debtor; and (ii) in the best interest of the debtor."[12] This requirement of court approval under 524(c)(6)(A), however, "shall not apply to the extent that such debt is a consumer debt secured by real property." Thus, this requirement is not applicable in this case.[13]

In summary, with one exception to be discussed below, it appears that the Reaffirmation Agreement complies with the requirements of § 524(c). That leaves for consideration the requirement contained in § 524(c)(5) that the Reaffirmation Agreement comply with § 524(d).

---

[9] 11 U.S.C. § 524(c)(3).

[10] 11 U.S.C. § 524(c)(4).

[11] 11 U.S.C. § 524(c)(5).

[12] 11 U.S.C. § 524(c)(6)(A).

[13] 11 U.S.C. § 524(c)(6)(B).

*Section 524(d)*

Section 524(d) provides that in cases where the court has determined to grant a discharge to the debtor, the court may hold a discharge hearing to inform the debtor that either a discharge has been entered or the reasons why a discharge has not been entered. Most courts, including this one, have long dispensed with discharge hearings. In this respect, the language of that part of § 524(d) is not mandatory, and because of heavy case loads, most courts no longer hold discharge hearings.

Section 524(d) also requires that if a discharge has been granted, and if the debtor desires to enter into a reaffirmation agreement and was not represented by an attorney while negotiating such agreement, then the court *shall* hold a hearing at which the debtor shall appear in person. At such a hearing, the court *shall* inform the debtor that such an agreement is not required and of the legal effect and consequences of entering into the reaffirmation agreement.[14] In addition, if the consideration for such agreement is based in whole or in part on a consumer debt that is not secured by real property of the debtor, the court must determine whether the agreement that the debtor desires to make (i) imposes an undue hardship on; and (ii) is in the best interest of the debtor.[15] Since the Court is dealing with a consumer debt secured by real property, the latter section does not apply in this case.

Because no hearing to inform the Debtors about the legal effect and consequences of entering into the Reaffirmation Agreement was held in this case, the issue remaining for consideration is whether the failure to hold such a hearing is fatal to the enforceability of a reaffirmation agreement.

---

[14] 11 U.S.C. § 524(d)(1).

[15] 11 U.S.C. § 524(d)(2).

*Case Law*

Case law construing §§ 524(c) and (d) supports the conclusion that the requirements contained in those subsections must be strictly complied with in order for a reaffirmation agreement to be enforceable. A leading example of this interpretation is *In re Marletter*, a case decided by the Honorable Alexander L. Paskay dealing with substantially the same issue.[16]

In *Marletter,* the creditor had commenced garnishment proceedings against the debtor based on the debtor's reaffirmation of a consumer debt secured by real property. The debtor contended that the reaffirmation agreement was invalid because there had not been a hearing held in compliance with §§ 524(c) and (d). The creditor responded that because the debtor owed a consumer debt secured by real property and no court approval was required for such agreements, its collection efforts did not violate the discharge injunction.[17] In ruling in favor of the debtor, Judge Paskay concluded that while court approval is not required to reaffirm a consumer debt secured by real property, § 524(d) "still requires the court to advise the debtor of the voluntary character of the agreement and its legal effect and consequences."[18] Moreover, "strict compliance is essential and indispensable because of the concern that creditors will improperly coerce debtors to unwisely reaffirm debts that could compromise the debtor's fresh start."[19]

---

[16] *In re Marletter,* 236 B.R. 281 (Bankr. M.D. Fla. 1999).

[17] *Id.* at 283.

[18] *In re Marletter*, 236 B.R. at 283-284 (internal citations omitted); *see also In re Hovestadt*, 193 B.R. 382, 386 (Bankr. D. Mass. 1996); *In re Johnson*, 148 B.R. 532, 538 (Bankr. N.D. Ill. 1992); *In re Pendlebury*, 94 B.R. 120, 123-24 (Bankr. E.D. Tenn. 1998); *In re Jackson*, 49 B.R. 298, 302 (Bankr. D. Kan. 1985); *In re Bauer*, 1997 WL 752652 (Bankr. E.D. Va. 1997); 4 *Collier on Bankruptcy* ¶ 524.04[4] (discussing similarly that "the court is not required to hold a discharge hearing unless the debtor desires to reaffirm a debt and was not represented by an attorney in negotiating the reaffirmation agreement").

[19] *In re Marletter*, 236 B.R. at 283; *see also* 4 *Collier on Bankruptcy* ¶ 521.17 (16th ed. 2011).

This result is consistent with the theme enunciated by the Supreme Court in *Grogan v. Garner* that "a central purpose of the code is to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy 'a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.'"[20] Because permitting a consumer to reaffirm debt is contrary to this policy of providing the debtor with a fresh start, courts have noted that §§ 524(c) and (d) set forth protections for the debtor, one of them being that a court must hold a hearing to advise a pro se debtor of his or her rights when such debtor seeks to reaffirm debt.[21]

The Court's reading of this section leads it to the same conclusion. While there are persuasive arguments that can be made on both sides of this issue, the Court concludes that the requirements set forth in §§ 524(c) and (d) must be strictly adhered to in order for a reaffirmation agreement to be valid. And even though approval hearings on reaffirmation agreements regarding real estate are not held, a hearing apprising a pro se debtor of the debtor's rights is nevertheless required if a real estate reaffirmation agreement executed by a pro se debtor is going to be enforceable.

Understandably, creditors faced with similar situations will point out that it is the debtor's own inaction and failure to obtain a valid and binding reaffirmation agreement that gives rise to the agreement's unenforceability. Further, debtors will be able to reap the benefits of reaffirmation agreements and then seek to disavow their validity. But as succinctly stated by Judge Paskay in *Marletter*, "[i]t remains essential for creditors to monitor debtors' attendance at

---

[20] *Grogan v. Garner*, 498 U.S. 279, 286 (1991) (quoting *Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934)).

[21] *In re Minardi*, 399 B.R. 841, 848 (Bankr. N.D. Okla. 2009); *see also In re Law*, 421 B.R. 735, 738 (Bankr. W.D. Pa. 2010); *In re Bowling*, 116 B.R. 659, 664 (Bankr. S.D. Ind. 1990); *In re Noble*, 182 B.R. 854, 856 (Bankr. W.D. Wash. 1995); *In re Hovestadt*, 193 B.R. 382, 386 (Bankr. D. Mass. 1996).

[reaffirmation] hearings in order to make reaffirmation agreements enforceable, in personam against debtors post-petition and post-discharge, as well as in rem against their collateral."[22] Simply put—ultimately it is up to creditors to protect their own rights, and if the debtors do not fully and accurately proceed through the reaffirmation process, it is the creditor's responsibility to bring that to light and to ensure that the agreement is properly executed.

### Conclusion

Having found that pro se debtors executing reaffirmation agreements for real estate must attend a hearing to comply with the requirements under §§ 542(c) and (d), and that no such hearing took place with respect to the Reaffirmation Agreement before the Court, the Court concludes that the Reaffirmation Agreement does not comply with those sections and, as a consequence, is unenforceable. Therefore, the Court, having reopened the case to hear this issue, finds that the Reaffirmation Agreement is not binding and thus, the Debtors' in personam liability is discharged.

**DATED** in Chambers at Tampa, Florida, on January 06, 2012.

_____
Michael G. Williamson
United States Bankruptcy Judge

Copies to:

Debtors:
Deral and Tonya Pitts
6339 Robin Cove
Lakewood Ranch, FL 34202

Attorneys for IberiaBank:
Mark D. Hildreth, Esq.
Shumaker, Loop & Kendrick, LLP
Post Office Box 49948
Sarasota, Florida 34230-6948

---

[22] *In re Marletter*, 236 B.R. at 284 (quoting *In re Johnson*, 148 B.R. 532, 540 (Bankr. N.D. Ill. 1992)).